

# THE ATTORNEY GENERAL

## OF TEXAS

**GROVER SELLERS**

**AUSTIN 11, TEXAS**

**ATTORNEY GENERAL**

Honorable Chas. A. Tosch
County Auditor
Records Building
Dallas, Texas

Dear Mr. Tosch:

Opinion No. O-6278
Re: Effective date of the constitutional
amendments recently adopted, and the
necessity for an enabling act.

We beg to acknowledge receipt of your letter requesting an opinion
from this department upon the above captioned subject matters as follows:

"At the general election November 7th the amendment
to Section 9 of Article 8 of the Constitution, as proposed
in House Joint Resolution No. 18, passed by the 48th Legis-
lature, appears to have been adopted by a majority of the
votes cast thereon, and question has arisen (a) As to when
said amendment will become effective, and (b) Whether or not
an Enabling Act of the Legislature is necessary to set up
the machinery for putting the amendment in effect in the
respective counties desiring to avail themselves of the
privileges of the amendment."

Article XVII, Section 1, of the Constitution, with respect to the
mode of amending the Constitution, provides that:

". . . It shall be the duty of the several returning
officers of said election, to open a poll for, and make
returns to the Secretary of State, of the number of legal
votes cast at said election for and against said amendment;
and if more than one be proposed, then the number of votes
cast for and against each of them; and if it shall appear
from said return, that a majority of the votes cast have
been cast in favor of any amendment, the said amendment so
receiving a majority of the votes cast shall become a part
of this Constitution, and proclamation shall be made by the
Governor thereof."

Article 3034 of the Revised Civil Statutes is as follows:

"On the fifteenth day after the election, the day of election excluded, and not before, the Secretary of State in the presence of the Governor and Attorney General, or in case of vacancy in either of said offices, or of inability or failure of either of said officers to act, then in the presence of either one of them, shall open and count the returns of the election."

This Article as a sequence of Article 3033 furnishes the answer to your first question.

The effective date of the amendment if carried does not depend upon the Governor's proclamation. This was determined by Judge Willson of the Court of Criminal Appeals, wherein he said:

"Our construction of this provision is that it is the ascertained majority of the vote of the people, and not the proclamation of the Governor, which gives force and effect to the amendment. . . . We are of the opinion, therefore, that as soon as the election returns were canvassed, and it was ascertained that a majority of the votes cast were in favor of the amendment, it became a part of the Constitution, and was in full force and effect from that date." -- Wilson v. The State, 15 Tex. Ct. Apps. Rep. 150.

Judge Willson's opinion was cited with approval in Texas Water & Gas Co. v. City of Cleburne, 21 S.W. 393.

Your second question involves a construction of H.J.R. No. 18 proposing the amendment.

H.J.R. No. 18 is as follows:

"Section 1. That Section 9 of Article 8 of the Constitution of the State of Texas, be so amended that the same will hereafter read as follows:

"'Section 9. The State tax on property, exclusive of the tax necessary to pay the public debt, and of the taxes provided for the benefit of the public free schools, shall never exceed thirty-five (35) cents on the one hundred dollars valuation; and no county, city or town shall levy more than twenty-five (25) cents for city or county purposes, and not exceeding fifteen (15) cents for roads and bridges, and not exceeding fifteen (15) cents to pay jurors, on the one hun-

dred dollars valuation, except for the payment of debts incurred prior to the adoption of the Amendment September 25, 1883; and for the erection of public buildings, streets, sewers, waterworks and other permanent improvements, not to exceed twenty-five (25) cents on the one hundred dollars valuation, in any one year, and except as is in this Constitution otherwise provided; provided, however, that the Commissioners Court in any county may re-allocate the foregoing county taxes by changing the rates provided for any of the foregoing purposes by either increasing or decreasing the same, but in no event shall the total of said foregoing county taxes exceed eighty (80) cents on the one hundred dollars valuation, in any one year; provided further, that before the said Commissioners Court may make such re-allocations and changes in said county taxes that the same shall be submitted to the qualified property tax paying voters of such county at a general or special election, and shall be approved by a majority of the qualified property tax paying voters, voting in such election; and, provided further, that if and when such re-allocations and changes in the aforesaid county taxes have been approved by the qualified property tax paying voters of any county, as herein provided, such re-allocations and changes shall remain in force and effect for a period of six (6) years from the date of the election at which the same shall be approved, unless the same again shall have been changed by a majority vote of the qualified property tax paying voters of such county, voting on the proposition, after submission by the Commissioners Court at a general or special election for that purpose; and the Legislature may also authorize an additional annual ad valorem tax to be levied and collected for the further maintenance of the public roads; provided, that a majority of the qualified property tax paying voters of the county voting at an election to be held for that purpose shall vote such tax, not to exceed fifteen (15) cents on the one hundred dollars valuation of the property subject to taxation in such county. And the Legislature may pass local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws. This section shall not be construed as a limitation of

powers delegated to counties, cities or towns
by any other section or sections of this Con-
stitution.' "

You are respectfully advised that it is the opinion of this depart-
ment the foregoing amendment is self-executing, and there is no necessity for
an enabling act by the Legislature to put it into effect according to its terms.

The amended section itself specifically sets forth the method for
making the amendment effective in the following language:

". . .; provided further, that before the said Com-
missioners Court may make such re-allocations and changes
in said county taxes that the same shall be submitted to
the qualified property tax paying voters of such county
at a general or special election, and shall be approved
by a majority of the qualified property tax paying voters,
voting in such election; and, provided further, that if
and when such re-allocations and changes in the aforesaid
county taxes have been approved by the qualified property
tax paying voters of any county, as herein provided, such
re-allocations and changes shall remain in force and effect
for a period of six (6) years from the date of the election
at which the same shall be approved, unless the same again
shall have been changed by a majority vote of the qualified
property tax paying voters of such county, voting on the
proposition, after submission by the Commissioners Court at
a general or special election for that purpose; . . ."

There is a provision that the Legislature may also authorize an addi-
tional ad valorem tax be levied and collected for the further maintenance of the
public roads, but this is beyond the matter you inquire about.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
　　　　Ocie Speer
　　　　Assistant

OS:mr:jm

APPROVED NOV 21, 1944

/s/Carlos C. Ashley

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion Committee
By GWB
Chairman